UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PATRICK L. OWENS,

        Plaintiff,

v.                                                                       Case No. 1:12-CV-47

COMMISSIONER OF SOCIAL                              HON. GORDON J. QUIST
SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On February 19, 2013, Magistrate Judge Hugh W. Brenneman, Jr. issued a Report and Recommendation (R & R) recommending that this Court affirm the decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff, Patrick Owens, disability insurance benefits and Supplemental Security Income. Plaintiff has filed a timely Objection (docket no. 15) and Defendant has filed a reply (docket no. 16). When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court will adopt the R & R as the opinion of the Court.

In his Objection, Plaintiff makes four arguments: that the administrative law judge (ALJ) failed to follow the treating physician rule, failed to adequately consider Plaintiff's obesity, failed to properly evaluate Plaintiff's credibility, and relied upon flawed vocational expert testimony.

First, Plaintiff argues that the magistrate judge erred in recommending that this Court affirm the ALJ's decision because the ALJ failed to follow the treating physician rule. Addressing the treating physician rule, the magistrate judge observed that even if the ALJ had failed to comply with

the procedural requirements of 20 C.F.R. § 404.1527(c), it was harmless error. (R & R, Docket no. 14, Page ID 425–26.)

The applicable regulation states in part:

(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.

\* \* \*

(2) Treatment relationship. Generally we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. *When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.*

20 C.F.R. § 404.1527(c)(2) (emphasis added). The regulation goes on to enumerate the following six factors: length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency, specialization, and other factors ("[W]e will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion."). *Id.* at § 404.1527(c)(2)(i)–(c)(6). The Sixth Circuit has interpreted this regulation as establishing a "clear duty" by an ALJ to give "good reasons" for the weight an ALJ assigns to a treating source's opinion. Good reasons are reasons "supported by the evidence in the case record" and "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). The purpose of this requirement is "to

2

safeguard the claimant's procedural rights" by "'let[ting] claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that []he is not.'" *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).

Restating the words of the regulation, the *Cole* court observed that an ALJ must balance the regulatory factors in determining what weight to give a treating source's opinion. *Id.* However, *Cole* does not require an ALJ to explicitly discuss each and every factor to state a "good reason" for the weight accorded. *Id.* An ALJ is not required to explicitly discuss each factor. *See, e.g.*, *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. Mar. 16, 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons ... for the weight ... give[n] [to the] treating source's opinion'—not an exhaustive factor-by-factor analysis."); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ([Plaintiff] cites no law, and we have found none, requiring an ALJ's decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion."); *Undheim v. Barnhart*, 214 F. App'x 448, 450 (5th Cir. Jan. 19, 2007) ("[T]he ALJ was not required to go through all six factors in 20 C.F.R. § 404.1527(d) [now 1527(c)] in face of competing first-hand medical evidence."). Moreover, regarding error, the Sixth Circuit has left open the possibility that violations of § 1527 may be harmless error. *Wilson*, 378 F.3d at 547 ("[P]erhaps a situation could arise where the Commissioner has met the goal of § 1527(d)(2) [now § 1527(c)(2)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation.").

Citing *Wilson*, the magistrate judge concluded that this case presents a situation in which the ALJ's failure to strictly comply with § 1527(c)(2) constitutes harmless error. However, the better reading of the regulation and case law is that the ALJ is not required to address all six regulatory

3

factors to present a "good reason" for not affording a treating physician's opinion controlling weight.

Here, the ALJ explicitly considered at least two of the factors in stating good reasons for discounting Dr. Kass's opinion—supportability of the opinion and consistency of the opinion with the record as a whole—and implicitly balanced them against the other factors. It is clear from the ALJ's decision that the ALJ found Dr. Kass's opinion inconsistent with, and unsupported by, the evidence for multiple reasons. Thus, ALJ did not err. However, were this Court to find that the ALJ erred, the Court agrees with the magistrate judge that the error would be harmless. As the Sixth Circuit observed in *Cole*, § 1527 is a procedural rule designed to help a claimant to understand the weight the ALJ assigned to a treating physician's opinion. *Cole*, 661 F.3d at 937. Here, the ALJ gave several good reasons for not assigning Dr. Kass's opinion "determinative" or controlling weight: the failure of the opinion to incorporate positive surgical results, the inconsistency between the opinion and objective findings and treatment notes, the inconsistency in Dr. Kass's treatment notes over time, the inconsistency between the opinion and Plaintiff's own description of his physical capacity, the inconsistency between the opinion and Plaintiff's self-described daily activities, and the inconsistency between the opinion and Plaintiff's physical behavior during the administrative hearing. Therefore, the ALJ has met his duty to articulate "good reasons" for the weight it assigned to Dr. Kass's opinion that are sufficiently specific to inform a reviewer of the weight the ALJ assigned to the opinion. *See id.*

As to Plaintiff's remaining objections,[1] after a *de novo* review of the record, the Court finds that Plaintiff's objections are merely recitations of the identical arguments that were before the

---

[1] Plaintiff further objects that the ALJ failed to adequately consider Plaintiff's obesity, failed to properly evaluate Plaintiff's credibility, and relied upon flawed vocational expert testimony.

4

magistrate judge.  This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, *see, e.g.*, *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (recitations of nearly identical arguments are insufficient as objections and constitute an improper "second bite at the apple"), and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources, *see, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  *See also Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at * 4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition.").  Therefore, after a *de novo* review of the record, the Court incorporates the magistrate judge's analysis of Plaintiff's restated arguments (*see* R & R, Docket no. 14, Page ID 427–34) and adopts the R & R as the opinion of the Court.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued February 19, 2013 (docket no. 14) is **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (docket no. 15) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.

A separate judgment will issue.

Dated: March 28, 2013         /s/ Gordon J. Quist
                              GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE